Charles D. Marshall (State Bar No. 236444)
**MARSHALL LAW FIRM**
2121 N. California Blvd., Suite 290
Walnut Creek, CA  94596
Telephone: (925) 575-7105
Facsimile: (855) 575-7105
cdm@marshall-law-firm.com

Attorney for TOM PANACCI,
on behalf of himself and all others
similarly situated

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM PANACCI, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>A1 SOLAR POWER, INC. a California corporation; and the NATIONAL RENEWABLE ENERGY CENTER.<br><br>Defendants. | Case No.  3:15-cv-0532<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227 *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tom Panacci, on behalf of all others similarly situated, alleges as follows:

## INTRODUCTION

1. This lawsuit is about Defendant A1 Solar Power, Inc.'s ("A1 Solar") and Defendant National Renewable Energy Center's ("NREC") failure to comply with the Telephone Consumer Protections Act under 47 U.S.C. § 227, *et seq.* ( "TCPA") and its regulations.

2. As described in more detail below, Defendants made and continue to make unsolicited phone calls to Plaintiff's home telephone number seeking to solicit his business. Plaintiff is listed on the National Do Not Call Registry and has requested on multiple occasions that Defendants add him to their internal do not call registry and stop the unsolicited calls. In addition, Plaintiff sent a pre-suit demand letter through his counsel in this matter setting forth Defendants' liability under the TCPA and demanding a stop to the calls. Defendants, however, continue to call.

3. The TCPA makes it illegal to, among other things, initiate telephone solicitations to residential telephone subscribers listed with the National Do Not Call Registry ("National DNC Registry"). 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2). A listing on the National DNC Registry must be honored indefinitely, or until the registration is cancelled by the consumer, or the telephone number is removed the database administrator. The TCPA provides a private right of action to persons who are registered in the National DNC Registry and who receive more than one telephone solicitations within a 12-month period.

4. The TCPA also requires telemarketers to create and maintain a company specific "do not call" registry ("Company DNC Registry") listing people who have, during a marketing call, requested that the company no longer call to solicit them at home. The telemarketer must honor the request to be included on the Company DNC Registry for five years from the time the request is made. 47 C.F.R. § 64.1200(d). Initiating telephone solicitations to residential telephone subscribers listed with the Company DNC Registry also violates the TCPA.

5. Under the TCPA, liability is imposed on those who make the calls as well as those upon whose behalf the calls are made, including any entity that benefits from the illegal telemarketing calls. An entity is not shielded from liability where others violate the law on its behalf and for its benefit.

6. As a result of Defendants' conduct, Plaintiff and the class members as described below are injured and entitled to relief under the TCPA. A person who violates the TCPA is liable for $500 in damages for each call. A plaintiff is entitled to treble damages if the violations were willful or knowing. See 47 U.S.C. § 227(c)(5).

**PARTIES**

7. Plaintiff Tom Panacci is an individual residing in the City of Walnut Creek, County of Contra Costa, State of California at the time of the events described in this Complaint.

8. Defendant A1 Solar Power, Inc. ("A1 Solar") is a California corporation that maintains its principal place of business at 15025 Oxnard Street, Van Nuys, California, 91411. A1 Solar is a privately-held company whose principal activity is installing

residential solar equipment. A1 Solar is, and all times was, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant National Renewable Energy Center ("NREC") is a California business entity maintaining its principal place of business at 5632 Van Nuys Blvd., Van Nuys, CA 04104. According to the NREC's website at http://nationalrenewableenergycenter.com/, the NREC is "a referral company like 1-800-DENTIST. We help you find the most cost effective deal in your area for solar. We have offices located throughout northern and southern California." NREC is, and all times was, a "person" as defined by 47 U.S.C. § 153(39).

## JURISDICTION AND VENUE

10. This court has subject matter jurisdiction under 28 U.S.C. 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), which is a federal statute.

11. This court has personal jurisdiction over Defendants because both A1 Solar and NREC do business in California and many of the wrongful acts alleged in this complaint were committed in California.

12. Venue is proper in this district under 28 U.S.C. 1391 (b)(1) and (2) because both Defendants reside in this district under the definition of 28 U.S.C. 1391 (c)(2) and (d); and the conduct complained of herein occurred within this judicial district. In addition, Plaintiff resides in this district.

4

## FACTUAL ALLEGATIONS

13. Plaintiff's home phone was placed on the National Do Not Call Registry on October 20, 2011.

14. In or around July 2014, Defendant NREC contacted Plaintiff on his home telephone number in an effort to solicit Plaintiff's business for solar power related sales.

15. During that first call, Plaintiff informed NREC that he was registered in the National DNC Registry and requested his number be placed in the NREC's internal Company DNC Registry.

16. Since that first call in July to the present, NREC proceeded to call Plaintiff no less than eight additional times in order to solicit Plaintiff's business.

17. Each time NREC calls, Plaintiff informs NREC that he is on the National DNC Registry and that he has requested to be placed on NREC's Company DNC Registry.

18. Indeed, on November 19, 2014, Plaintiff's counsel in this matter, on behalf of Plaintiff, sent a letter to both Defendants demanding they stop calling Plaintiff as well as compensate him for violations under the TCPA. Neither Defendant responded to the letter, and Defendants continued to call Plaintiff.

19. During some of the calls, despite Plaintiff's desire to not be contacted, NREC continued to try to sell Plaintiff solar related services and specifically stated that the intention was to refer Plaintiff to Defendant A1 Solar. On other occasions, NREC telemarketers have become abusive to Plaintiff and his family members when they declined to take the marketing call.

20. Plaintiff has not, at any time, entered into a business relationship with either Defendant as defined under 47 U.S.C. 227(a)(2).

21. Plaintiff has not, at any time, contacted either Defendant to provide them with Plaintiff's home telephone number or sought either Defendants' services at any point in the past.

22. Unfortunately, the Plaintiff's experience with Defendants is not unique, as other have complained about similar activities.  For example, the below text represents small sample of reviews from A1 Solar's Yelp page, many of whom mention the relationship with NREC:

    a. *This company uses abusive telemarketing practices under the name National Renewable Energy Center.  They call me several times a day despite my frantic pleas to stop calling me.  They refuse to honor  a do not call list.  They hang up and call right back when I ask to speak to a supervisor.  Today someone told me the reason they call and call is because I refuse to listen to their pitch.  Please do not buy from someone with such abusive business practices.*

    Marie H.
    Novato, CA
     January 14, 2014
    *http://www.yelp.com/biz/a1-solar-power-inc-concord-2?sort_by=rating_asc*

    b. *If I could give this company ZERO Stars, I would.*

    *Our house has gotten no less than 10 calls per week from a telemarketer that on most occasions does not speak when we answer and will hang up when we call back to get our number removed from their call list. We have expressed to them in the past that we were not interested and not to call back. Both statements were ignored.*

    *I recently spoke with a woman, Brittany, from their customer service department to report their abuses. She was very helpful and told me that, that is something that goes against their company policy and that*

*she would be forwarding my report to her manager because it sounds strange.*

CP
Lahaina, HI
February 2, 2014
http://www.yelp.com/biz/a1-solar-power-inc-concord-2?sort_by=rating_asc

 c. *I've asked about 1/2 dozen times to be taken off their telemarketing calls w/o success. They introduce themselves as National Renewable Energy Center, say they got your number from PG&E, implying they are connected (false!), and then refer you to A1 solar. After I told the woman who called today that we're on the do not call list and have asked to be removed, she insisted they are a referral company only, absolutely not trying to sell anything, and not a private company, but "a government agency" (yes, I asked her several times if they are a government agency and she said yes!). She said she could ask that my number be removed, but she didn't know if they'd remove me.  Good luck if you use them--they seem tone deaf and dishonest from my p.o.v.*

Kaveh R.
Oakland, CA
April 3, 2014
http://www.yelp.com/biz/a1-solar-power-inc-concord-2?sort_by=rating_asc

 d. *I get 5 calls a week from them and they don't say anything. I've tried reporting and they still call with other numbers. I'm also on the do not call list and have had every number blocked but some how they come up with another. Scammers as far as I'm concerned! Quit calling me*

Tamera T.
Orinda, CA
April 5, 2014
http://www.yelp.com/biz/a1-solar-power-inc-concord-2?sort_by=rating_asc

 e. *This company uses aggressive, unscrupulous telemarketing practices to trick/bully people into buying their services.  We receive calls daily, despite our number being on the Do Not Call list, and despite our direct requests to the company to cease calling.  They use an array of spoofed numbers and caller IDs to get around call blocking.  I find it astonishing that they're even still in business.  Hopefully the FCC will eventually prosecute.*

> *Avoid this company like the plague!*
>
> Nov E.
> Sausalito, CA
> April 18, 2014
> http://www.yelp.com/biz/a1-solar-power-inc-concord-2?sort_by=rating_asc

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all persons or entities others who are similarly situated.

24. Plaintiff seeks to represent the following proposed Class under Rule 23(b)(2) and (3):

> **National Do Not Call Registry Class ("National DNC Class")**
>
> All persons and entities in the United States (a) who maintain their phone number on the National Do Not Call Registry, (b) who received more than one call to that number within a 12 month period of time from either A1 Solar, the National Renewable Energy Center on A1 Solar's behalf, or the National Renewable Energy Center on any other entity's behalf, and (c) such phone calls occurred within the four years before the filing of Plaintiff Panacci's initial Complaint.
>
> **Company Do Not Call Registry Class ("Company DNC Class")**
>
> All persons and entities in the United States (a) whose phone numbers are registered with the A1 Solar or the National Renewable Energy Center's internal do not call Registry ("Company DNC Registry"), (b) who received phone calls from either A1 Solar or the National Renewable Energy Center on A1 Solar's behalf, or the National Renewable Energy Center on any other entity's behalf (c) after requesting to be placed on the Company DNC Registry, and (d) such phone calls occurred within the four years before the filing of Plaintiff Panacci's initial Complaint.

25. Subject to additional information obtained through further investigation and discovery, the foregoing definitions of the National DNC Class and Company DNC Class may be expanded or narrowed by amendment or amended complaint. Specifically excluded from the each Class are Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or their officers and/or directors, or any of them; the Judge assigned to this action; and any member of the Judge's immediate family.

26. Plaintiff's action meets the prerequisites of Rule 23(a) because:

    a. **Numerosity:** Each class as defined above consists of hundreds, if not thousands, of individuals and is so numerous that joinder of all members as individual plaintiffs is impracticable. Though the exact number and identity of class members is not presently known, they can be identified through Defendants' records.

    b. **Commonality:** There are questions of law and fact common to the each class. Such common questions include, but are not limited to:

        i. Whether Defendants violated the TCPA by calling individuals on the National DNC Registry;

        ii. Whether Defendants violated the TCPA by calling individuals on the Company DNC Registry;

      iii. Whether Defendants violated the TCPA by failing to maintain a Company DNC Registry;

      iv. Whether Defendants placed calls without obtaining prior consent for the call;

      v. Whether Plaintiff and class members are entitled to statutory damages as a result of Defendants' actions.

27. **Typicality:** As someone whose number is, and at all times relevant to this complaint, on the National DNC Registry, and requested his number by placed on the Company DNC Registry, yet continued to receive unsolicited calls from Defendants, Plaintiff's claims are typical of each class.

28. **Adequacy:** Plaintiff will fairly and adequately protect the interests of each class. Plaintiff has no interests that are antagonistic to or in conflict with the interests of the any of the classes as a whole, and Plaintiff engaged competent counsel experience in class actions and complex litigation.

29. This action is properly maintainable as a class action for the following independent reasons and under the following portions of Rule 23:

    a. The prosecution of separate actions by members of each class would create a risk of adjudications with respect to individual members of each class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests. Fed. R. Civ. P. 23(b)(1)(B).

10

    b. Defendants acted or refused to act on grounds generally applicable to each class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the each class as a whole. Fed. R. Civ. P. 23(b)(2).

    c. Questions of law and fact common to members of each class predominate over any questions affecting only individual members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

30. Whatever difficulties may exist in the management of the class action will be greatly outweighed by the benefits of the class action procedure, including but not limited to providing class members with a method for the redress of claims that may not otherwise warrant individual litigation.

## FIRST CAUSE OF ACTION

**Violations of Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5)**

31. Plaintiff incorporates herein each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

32. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to 47 U.S.C. 227(c)(5).

33. As a result of the Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. 227(c)(5)(B).

34. As a result of the Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages of up to $1,500 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. 227(c)(5).

35. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants from violating 47 U.S.C. 227(c)(5), and an order requiring Defendants to develop systems enabling them to comply, going forward, with the Do Not Call Registry and Company Registry requirements as stated under the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows and as permitted as to each cause of action:

A. An Order certifying this action as a class action and appointing Plaintiff and his counsel to represent each class;

B. A declaration that Defendants' actions violated the TCPA;

C. An award of actual and statutory damages as allowed under the TCPA;

D. An injunction requiring Defendants to refrain from engaging in the unlawful conduct set forth herein;

E. Such further and other relief as the Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury for all causes of action, claims or issues in this action which are triable as a matter of right to a jury.

| | |
|---|---|
| DATED: February 4, 2015 | **MARSHALL LAW FIRM** |
| | By: *Charles D. Marshall* |
| | Charles D. Marshall (State Bar No. 236444) |
| | 2121 N. California Blvd., Suite 290 |
| | Walnut Creek, CA 94596 |
| | Telephone: (925) 575-7105 |
| | Facsimile: (855) 575-7105 |
| | cdm@marshall-law-firm.com |
| | |
| | Attorney for TOM PANACCI, |
| | on behalf of himself and all others similarly situated |