David R. Socher (Bar No. 158023)
DAVID R. SOCHER ATTORNEY AT LAW, PC
3443 Golden Gate Way, Suite F
Lafayette, California 94549
Telephone: (925) 962-9191
Facsimile: (925) 962-9199
Email: david@drsocher.com

Attorney for Defendants, A1 SOLAR POWER, INC. and NATIONAL RENEWABLE ENERGY CENTER

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TOM PANACCI, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>A1 SOLAR POWER, INC, a California corporation; and the NATIONAL RENEWABLE ENERGY CENTER,<br><br>Defendants. | Case No. 3:15-cv-0532<br><br>**DEFENDANTS' A1 SOLAR POWER, INC. AND RENEWABLE ENERGY CENTER REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (FED. R. CIV. P. 12(b)(6)), MOTION TO STRIKE (FED. R. CIV. P. 12(f)) AND FOR A MORE DEFINITE STATEMENT (FED. R. CIV. P. 12(e)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: June 12, 2015<br>Time: 9:30 a.m.<br>Location: Ctrm G, 15th Floor<br>Judge: Hon. Joseph C. Spero<br>Complaint Filed: February 4, 2015<br>Trial Date: None set |

1

## I. INTRODUCTION

Plaintiff alleges that he received unsolicited calls from Defendants A1 SOLAR POWER, INC. ("A1") and the NATIONAL RENEWABLE ENERGY CENTER ("NREC") in July 2014. On the basis of these calls, Plaintiff – and his counsel – seek to recover millions of dollars in statutory damages, on behalf of a speculated nationwide class of individuals, not a single other member of which Plaintiff has identified in his Complaint. In truth, this case itself is part of the ever-increasing nuisance of class action counsel generating exorbitant fees on behalf of plaintiffs they have never met – and will never meet.

Plaintiff's Complaint consists of conclusory allegations that merely parrot the elements of the Telephone Consumer Protection Act. In response to Defendants' motion, Plaintiff asserts that his allegations are sufficient under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and that any further information is in Defendants' possession or relates to Defendants' affirmative defenses and thus may be adduced during discovery, rather than pled in the Complaint. Plaintiff, however, stretches the case law too far. As currently pled, and unlike the pleadings at-issue in the cases cited by Plaintiff, the Complaint fails to contain sufficient facts to provide Defendants with fair notice of the claims against them. Thus, the Complaint must be dismissed.

Plaintiff's class definition should also be struck as a failsafe class because to determine its membership, this Court would be required to address central issues of liability. Plaintiff's class definition is fatally defective as a matter of law as set forth in the governing case law. Further, in the alternative, in light of the lack of factual allegations in the Complaint and Plaintiff's failsafe class definition, the Court should require Plaintiff to plead a more definite statement regarding the basis of his claims.

/ / /

2

Reply in Support of Motion to Dismiss

## II. ARGUMENT

### A. Plaintiff's Speculative Allegations Fail to Meet the Plausibility Standards of *Twombly* and *Iobel*

As noted in Defendants' initial moving papers, "plausibility" under *Iqbal* and *Twombly* requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). While Plaintiff need not prove his allegations, his "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Where "a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citation omitted). Plaintiff's allegations that Defendants "solicited" Plaintiff because they had told Plaintiff that it intended to refer him to Defendant A1 Solar Power, is clearly speculation on his part. (Dk. 1, page 5, lines 21-22).

Plaintiff suggests that the mere general allegation of some unclear "solicitation" would itself be sufficient to withstand a motion to dismiss. Courts have held that *Twombly* requires more, however. See *Freidman v. Massage Envy Franchising, LLC*, No. 3:12-cv-2962, 2013 U.S. Dist. LEXIS 84250, at 2 (S.D. Cal. June 13, 2013) ("Plaintiffs also ignore the *Twombly/Iqbal* standard and implore the Court to follow overruled and outdated precedence. The Court declines to do so, and finds that Plaintiffs have not stated with a level of factual specificity a claim under the TCPA.").

### B. Plaintiff's Allegations Reflect a Referral Not a Solicitation

Plaintiff has not raised a right to relief above the speculative level. His allegations are implausible on their face and inconsistent with the requirement of the TCPA.

To state a claim under the Telephone Consumer Protection Act, ("TCPA"), 47

U.S.C. § 227, *et seq.,* Plaintiff must plead that Defendant's calls were "telephone solicitations" having a purpose prohibited by the TCPA.

"Telephone solicitations" are defined by the TCPA as follows: "The term telephone solicitation means the initiation of a telephone call or message for the purpose of *encouraging the purchase or rental of or investment in,* property, goods, or services, which is transmitted to any person ..." 47 U.S.C. § 227(a)(4) (emphasis added.)

As set forth in Defendants' moving papers, when Plaintiff actually specifies what was said in these supposed "solicitations", the phone calls are shown not to be prohibited by the TCPA. Referring the recipient of the call to another entity is ***not*** a prohibited purpose. Plaintiff's opposition simply ignores the fact that the specific allegation is that NREC "…specifically stated that the intention was to refer Plaintiff to Defendant Al Solar." (Dk. 1, page 5, lines 20-22).

Similarly, Plaintiff's opposition ignores the fact that at other times Plaintiff failed to discern the purpose of the calls at all, but simply assumed it was a "marketing" call. In Plaintiff's own words he "…declined to take the marketing call." (Dkt. 1, page 5, line 24.)

From these allegation, Plaintiff jumps to the conclusion that the calls were an attempt to *sell* services. Plaintiff fails to direct the Court to any allegations in his Complaint that support such a leap.

In short, that Defendants had a prohibited purpose in allegedly calling Plaintiff has not been alleged in the Complaint, which is the Plaintiff's burden to prove his claim under the TCPA. 47 U.S.C. § 227(c)(1); 47 C.F.R. § 64.1200(c)(2). The First Cause of Action should be dismissed because Plaintiff has not met his burden to allege a prohibited telephone solicitation by Defendants.

**D.  The Putative Class Is an Impermissible Failsafe Class**

Plaintiff argues that the proposed class is not a failsafe class. This is simply

untrue. Tellingly, Plaintiff fails to explain how the parties or Court could possibly discern who is a member of the class without first ruling on the merits of Plaintiff's claim and whether Defendants violated the TCPA. As Defendants argued in their opening brief, deferring a ruling on the impropriety of Plaintiff's current class definition is not appropriate here since the lack of defined boundaries on the class will make discovery unmanageable.

Moreover, the majority of courts who have addressed the failsafe class issue in the TCPA context support the conclusion that the class proposed here is an impermissible failsafe class. See, *Olney v. Job.com Inc.*, 2013 WL 576813, at 11 (E.D. Cal. Sept. 30, 2013) (striking class of "[a]ll persons within the United Sates who received any telephone call from Defendant to said person's cellular telephone made through the use of any automated telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint" as an impermissible failsafe class); *Lindsay Transmission LLC v. Office Depot, Inc.*, 2013 WL 275568, at 3 (E.D. Mo. Jan. 24, 2013) (striking proposed nationwide class of "[a]ll persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendant does not have an established business relationship and (5) which did not display a proper opt out notice" because it was an impermissible failsafe class); *G.M. Sign, Inc. v. Franking Bank*, SSB, 2007 U.S. Dist. LEXIS 91512, at 7 (N.D. Ill. Dec. 13, 2007) (rejecting TCPA class where "the proposed class definition improperly includes a component of a lack of defense, namely proof of express permission or invitation prior to the receipt of the fax advertisement").

5

Reply in Support of Motion to Dismiss

### E. In the Alternative, Plaintiff should be ordered to Provide a More Definite Statement of His Allegations

Plaintiff includes two pages at the end of his Opposition to address Defendants' motion for a more definite statement. (Dk. 15, page 18-19). Plaintiff's response is as vague as the allegations in his Complaint, as he fails to identify any specific "reasons" why he should not be required to provide a more definite statement. As discussed, Plaintiff's mere recital of the elements of the TCPA statute and his lack of details to discern class members, without more facts or context, are so vague and ambiguous that Defendants cannot reasonably ascertain their defenses or prepare an informed response to the Complaint. See *Lasky v. Evesham Owner, LLC*, 2014 WL 2710969, at 3 (D.N.J. Jun. 16, 2014) (slip op.) (noting that in a disability discrimination lawsuit, although the plaintiff stated a claim, a more definite statement was necessary since "[a] general allegation that the parking, access route, bathrooms, and other services at the restaurant are not accessible is too vague to reasonably expect Defendants to prepare a response").

### III. CONCLUSION

For all of the foregoing reasons, Defendants A1 SOLAR POWER, INC. and RENEWABLE ENERGY CENTER respectfully request that the Court dismiss Plaintiff's Complaint in its entirety, without leave to amend.

Defendants A1 SOLAR POWER, INC. and RENEWABLE ENERGY CENTER respectfully further request that the Court issue an Order striking the class definition included in Paragraph 24 of Plaintiff's Complaint.

Defendants A1 SOLAR POWER, INC. and RENEWABLE ENERGY CENTER respectfully further request that in the alternative, the Court issue an Order compelling Plaintiff to amend the Complaint with a more definite statement of the facts upon which its claim under Violations of the Telephone Consumers

///

Protection Act, 47 U.S.C. § 277 (c)(5) is based.

Dated: May 14, 2015         DAVID R. SOCHER ATTORNEY AT LAW, PC


By:   /s/  David R. Socher
      David R. Socher, Esq.
      Attorney for Defendants, A1 SOLAR POWER, INC. and NATIONAL RENEWABLE ENERGY CENTER