Charles D. Marshall (State Bar No. 236444)
**MARSHALL LAW FIRM**
2121 N. California Blvd., Suite 290
Walnut Creek, CA  94596
Telephone: (925) 575-7105
Facsimile: (855) 575-7105
cdm@marshall-law-firm.com

Attorney for TOM PANACCI,
on behalf of himself and all others
similarly situated

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM PANACCI, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>A1 SOLAR POWER, INC. a California corporation; and the NATIONAL RENEWABLE ENERGY CENTER.<br><br>Defendants. | Case No.  3:15-cv-0532<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227** *et seq.***)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tom Panacci, on behalf of all others similarly situated, alleges as follows:

**INTRODUCTION**

1. This lawsuit is about Defendant A1 Solar Power, Inc.'s ("A1 Solar") and Defendant National Renewable Energy Center's ("NREC") failure to comply with the Telephone Consumer Protections Act under 47 U.S.C. § 227, *et seq.* ( "TCPA") and its regulations.

2. As described in more detail below, Defendant NREC made unsolicited phone calls to Plaintiff's home telephone number seeking to solicit his business for the purchase and installation of solar energy equipment. The telephone solicitations made by NREC to Plaintiff were made on behalf of Defendant A1 Solar, who had control or the right to control NREC's telemarketing on its behalf.

3. Plaintiff is listed on the National Do Not Call Registry and has requested on multiple occasions that Defendant NREC add him to their internal do not call registry and stop the unsolicited calls. In addition, Plaintiff sent a pre-suit demand letter through his counsel in this matter setting forth Defendants' liability under the TCPA and demanding a stop to the calls. Defendant NREC, however, continued to call Plaintiff on behalf of A1 Solar.

4. The TCPA makes it illegal to, among other things, initiate telephone solicitations to residential telephone subscribers listed with the National Do Not Call Registry.  47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).  A listing on the National Do Not Call Registry must be honored indefinitely, or until the registration is cancelled by the consumer, or the telephone number is removed the database administrator.  The TCPA provides a private right of action to persons who are registered in the National Do Not Call Registry and who receive more than one telephone solicitation within a 12-month period.

5. The TCPA also requires telemarketers to create and maintain a company specific "do not call" registry ("Company Do Not Call Registry") listing people who have, during a marketing call, requested that the company no longer call to solicit them at home. The telemarketer must honor the request to be included on the Company Do Not Call Registry for five years from the time the request is made. 47 C.F.R. § 64.1200(d). Initiating telephone solicitations to residential telephone subscribers listed with the Company DNC Registry also violates the TCPA.

6. Under the TCPA, liability is imposed on those who make the calls—such as Defendant NREC—as well as those upon whose behalf the calls are made—such as A1 Solar—including any entity that benefits from the illegal telemarketing calls. An entity is not shielded from liability where others violate the law on its behalf and for its benefit.

7. As a result of Defendants' conduct, Plaintiff and the class members as described below are injured and entitled to relief under the TCPA. A person who violates the TCPA is liable for $500 in damages for each call. A plaintiff is entitled to treble damages if the violations were willful or knowing. See 47 U.S.C. § 227(c)(5).

3

## **PARTIES**

8. Plaintiff Tom Panacci is an individual residing in the City of Walnut Creek, County of Contra Costa, State of California at the time of the events described in this Complaint.

9. Defendant A1 Solar Power, Inc. ("A1 Solar") is a California corporation that maintains its principal place of business at 15025 Oxnard Street, Van Nuys, California, 91411. A1 Solar is a privately-held company whose principal activity is installing residential solar equipment. A1 Solar is, and all times was, a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant National Renewable Energy Center ("NREC") is a California business entity currently maintaining its principal place of business at 5632 Van Nuys Blvd., Van Nuys, CA 91401. According to http://nationalrenewableenergycenter.com/, the NREC is "a referral company like 1-800-DENTIST. We help you find the most cost effective deal in your area for solar. We have offices located throughout northern and southern California." NREC is, and all times was, a "person" as defined by 47 U.S.C. § 153(39). "National Renewable Energy Center" is actually a fictitious business name for a California corporation known as Energy Enterprises USA, Inc. If required, Plaintiff will amend the complaint to name Energy Enterprises, USA, Inc. d/b/a National Renewable Energy Center in place of NREC alone.

## **JURISDICTION AND VENUE**

11. This court has subject matter jurisdiction under 28 U.S.C. 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), which is a federal statute.

4

12. This court has personal jurisdiction over Defendants because both A1 Solar and NREC do business in California and many of the wrongful acts alleged in this complaint were committed in California.

13. Venue is proper in this district under 28 U.S.C. 1391 (b)(1) and (2) because both Defendants reside in this district under the definition of 28 U.S.C. 1391 (c)(2) and (d); and the conduct complained of herein occurred within this judicial district. In addition, Plaintiff resides in this district.

## FACTUAL ALLEGATIONS

**A.   A1 Solar's Relationship with the NREC**

14. Defendant A1 Solar provides sales and installation of solar products to residential homes in California.

15. During the period Plaintiff received the calls described in this complaint Defendant A1 Solar contracted with Defendant NREC to contact potential new customers for the purpose of encouraging sales of solar energy equipment.

16. A1 Solar had control or the right to control the nature of the marketing campaign conducted by NREC, including whether NREC complied with TCPA requirements, and whether NREC had sufficient safeguards in place to comply with such requirements.

17. During this period, NREC was acting as the express agent for A1 Solar and also cloaked itself in apparent authority from A1 Solar in calls to Plaintiff by stating to Plaintiff and class members that the calls were made on behalf of A1 Solar.

18. NREC's status as a subcontractor hired and controlled by A1 Solar is made clear through an email provided to Plaintiff's counsel by a putative class member of this litigation, and for which permission has been obtained to provide in this complaint. The email was sent to the class member in response to his complaint about unsolicited calls. The initial email from the putative class member was not cc'd to NREC but, as can be seen below, A1 Solar cc'd NREC in its response. A1 Solar copying NREC on this email, as well as the content of the email, establishes a relationship between the two defendants and tends to demonstrate that (a) NREC is one of the subcontractors hired by A1 Solar, (b) A1 Solar was aware of the TCPA violations (c) that A1 Solar is and was empowered to take control to reduce or eliminate the TCPA violations.  The text of the email is as follows (all spelling, typo and grammar errors in the original):

From: Adrienne <adrienne.l@a1solarpower.net>

To: **[REDACTED]**

Cc: 'Customer Service' <customerservice@nationalrenewableenergycenter.com>
Subject: RE: Telemarketing
Date: Mon, 13 Apr 2015 18:01:16 -0700

Hi **[REDACTED]**:

Yes, A1 have moved onto other avenues and let go a few subcontractors in January 2015, hence why I am very upset that you are receiving excessive telemarketing calls and they are identifying themselves as A1 calling. For almost two months A1 have not received any excessive telemarketing complaints since A1 did this, but now here is yours.

A1 is handling this with even more vigor. A1 does NOT want you or anybody else excessively contacted, but it cannot do anything without your name or the number called to any vendor. Also to help, A1 needs to know when and how many times you got spoofed calls -- and if you that that number, great.

> Then, A1 will have a representative go to the vendor to confront them and to see if you A1re contacted by them. If so, the number will be removed from their records and we owe you an apology as the vendor did not follow the FTC and DNC rules we rely on them to know. If the vendor doesn't have records of ever calling the number you give, A1 will let you know as well.
>
> Many consumers think A1 is 'playing', A1 is not. Since A1 let go a few vendors and are monitoring the situation closely now, its run into some startling results. Its only had about 5 complaints since the changes, yours make 6, and A1 want this to be more than a 95% no excessive calling rate,
> A1 wants 100%
>
> Thank you again for your assistance.

19. While the email expresses a regret by A1 Solar that the class member received unsolicited calls and that such calls were reduced starting around January 2015, such regret and reduction does not free A1 Solar from its vicarious liability obligations under the TCPA, nor does the email discuss how long A1 Solar knew of the violations before it took actions by "let[ting] go a few subcontractors." What is clear is NREC's position, at the very least, as a subcontractor of A1 Solar to conduct marketing calls on its behalf, and A1 Solar's authority to control how such calls are made and whether to retain subcontractors it knew violated the TCPA.

20. As further evidence of Defendants and A1 Solar and NREC's involvement with each other and the agency of NREC on behalf of A1 Solar, the companies appear inextricably intertwined, sharing executives, sales people, offices and attorneys. For example:

    a. According to the Los Angeles County Registrar-Recorder office, "National Renewable Energy Center" is actually a fictitious business name for a California corporation known as Energy Enterprises USA, Inc.

b. Digging deeper, the Department of Consumer Affairs Contractors License Board shows the president of Energy Enterprises USA, Inc. (dba Defendant NREC) to be one Ofir Shlomo Attal.  Mr. Attal, however, is also registered with the Contractors License Board a salesperson for Defendant A1 Solar Power, Inc.

c. NREC lists its address with the Secretary of State as 5632 Van Nuys Blvd., Van Nuys, CA 91401—which is a Mail Boxes Etc. mail drop location. However, when accepting service of process in this matter, NREC did so at 15025 Oxnard Street, Van Nuys, California, 91411, which is also the address for Defendant A1 Solar Power, Inc.

d. In addition, the person served with the summons in this matter for NREC was Ori Bytton, who is the former President and CEO of A1 Solar Power, Inc.

e. In fact, Defendants' joint initial disclosures disclose Mr. Bytton as the president of Renewable Energy Center, LLC, yet another solar telemarketing service. Mr. Bytton is disclosed in this role as someone likely to have discoverable information about the matter stated in the complaint about NREC and A1 Solar.

f. While Plaintiff named and served NREC as a defendant in this matter, Defendants' joint disclosures provide no information about NREC, but instead provides information about Renewable Energy Center, LLC discussed in the sub-paragraph above.  On information and belief, Renewable Energy Center, LLC also does business under the NREC name. At the very least, Defendants

takes so little care to separate the identity of the various entities that they have even intertwined them in responding to this litigation.

g. In the same joint initial disclosures, Defendants also admit that that Renewable Energy Center, LLC sold telemarketing services to A1 Solar.

h. NREC and A1 Solar Power, Inc. also share David R. Socher as registered agent through the California Secretary of State and counsel in this matter.

21. Ultimately, this confusing array of information provided by Defendants both publicly and in response to this litigation lead to the belief that the various entities which include defendants A1 Solar Power, Inc. and National Renewable Energy Center, as well as currently unnamed parties Energy Enterprises USA, Inc. and Renewable Energy Center, LLC, operate—effectively—as a single entity, with A1 Solar as the principal and the remaining entities as alter egos. Plaintiff intends to seek discovery on the nature of the relationship between these parties—and possibly others—prior to requesting leave to add any additional parties.

22. In the end, whether NREC is an alter ego of A1 Solar or not, at the very least—as alleged above and below—Defendant NREC calls potential customers as the agent of A1 Solar. A1 Solar controls or has the right to control that marketing, and is thus vicariously liable for the conduct of NREC.

**B.     Plaintiff's Experience**

23. Plaintiff's home phone was placed on the National Do Not Call Registry on October 20, 2011.

9

24. In or around July 2014, Defendant NREC contacted Plaintiff on his home telephone number in an effort to solicit Plaintiff's purchase of solar power equipment and services on behalf of Defendant A1 Solar.

25. During that first call, Plaintiff informed NREC that he was registered in the National Do Not Call Registry and requested his number be placed in the NREC's internal Company Do Not Call Registry.

26. Since that first call in July to the present, NREC proceeded to call Plaintiff no less than eight additional times in order to solicit Plaintiff's purchase of solar equipment or services on behalf of Defendant A1 Solar.

27. Each time NREC called, Plaintiff informed NREC that he is on the National DNC Registry and that he has requested to be placed on NREC's Company Do Not Call Registry.

28. Indeed, on November 19, 2014, Plaintiff's counsel in this matter, on behalf of Plaintiff, sent a letter to both Defendants demanding they stop calling Plaintiff as well as compensate him for violations under the TCPA. Neither Defendant responded to the letter, and Defendants continued to call Plaintiff.

29. During some of the calls, despite Plaintiff's desire to not be contacted, NREC continued to try to encourage the sale of solar related services to Plaintiff on behalf of A1 Solar. On other occasions, NREC telemarketers have become abusive to Plaintiff and his family members when they informed NREC that they did not wish to purchase solar equipment and services and reminded NREC that Plaintiff's number was registered with the National Do Not Call Registry.

30. Plaintiff has not, at any time, entered into a business relationship with either Defendant as defined under 47 U.S.C. 227(a)(2).

31. Plaintiff has not, at any time, contacted either Defendant to provide them with Plaintiff's home telephone number or sought either Defendants' services at any point in the past.

32. Unfortunately, the Plaintiff's experience with Defendants is not unique, as others have complained about similar activities.  For example, the below text represents small sample of reviews from Defendant A1 Solar's Yelp page, many of whom confirm A1 Solar's relationship with NREC:

  a. *This company uses abusive telemarketing practices under the name National Renewable Energy Center.  They call me several times a day despite my frantic pleas to stop calling me.  They refuse to honor a do not call list.  They hang up and call right back when I ask to speak to a supervisor.  Today someone told me the reason they call and call is because I refuse to listen to their pitch.  Please do not buy from someone with such abusive business practices.*

   Marie H.
   Novato, CA
    January 14, 2014
   *http://www.yelp.com/biz/a1-solar-power-inc-concord-2?sort_by=rating_asc*

  b. *If I could give this company ZERO Stars, I would.*

   *Our house has gotten no less than 10 calls per week from a telemarketer that on most occasions does not speak when we answer and will hang up when we call back to get our number removed from their call list. We have expressed to them in the past that we were not interested and not to call back. Both statements were ignored.*

   *I recently spoke with a woman, Brittany, from their customer service department to report their abuses. She was very helpful and told me that, that is something that goes against their company policy and that*

11

*she would be forwarding my report to her manager because it sounds strange.*

*CP*
*Lahaina, HI*
*February 2, 2014*
*http://www.yelp.com/biz/a1-solar-power-inc-concord-2?sort_by=rating_asc*

    c.    *I've asked about 1/2 dozen times to be taken off their telemarketing calls w/o success. They introduce themselves as National Renewable Energy Center, say they got your number from PG&E, implying they are connected (false!), and then refer you to A1 solar. After I told the woman who called today that we're on the do not call list and have asked to be removed, she insisted they are a referral company only, absolutely not trying to sell anything, and not a private company, but "a government agency" (yes, I asked her several times if they are a government agency and she said yes!). She said she could ask that my number be removed, but she didn't know if they'd remove me. Good luck if you use them--they seem tone deaf and dishonest from my p.o.v.*

*Kaveh R.*
*Oakland, CA*
*April 3, 2014*
*http://www.yelp.com/biz/a1-solar-power-inc-concord-2?sort_by=rating_asc*

    d.    *I get 5 calls a week from them and they don't say anything. I've tried reporting and they still call with other numbers. I'm also on the do not call list and have had every number blocked but some how they come up with another. Scammers as far as I'm concerned! Quit calling me*

*Tamera T.*
*Orinda, CA*
*April 5, 2014*
*http://www.yelp.com/biz/a1-solar-power-inc-concord-2?sort_by=rating_asc*

12

FIRST AMENDED COMPLAINT

     e. *This company uses aggressive, unscrupulous telemarketing practices to trick/bully people into buying their services. We receive calls daily, despite our number being on the Do Not Call list, and despite our direct requests to the company to cease calling. They use an array of spoofed numbers and caller IDs to get around call blocking. I find it astonishing that they're even still in business. Hopefully the FCC will eventually prosecute.*

*Avoid this company like the plague!*

Nov E.
Sausalito, CA
April 18, 2014
http://www.yelp.com/biz/a1-solar-power-inc-concord-2?sort_by=rating_asc

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all persons or entities others who are similarly situated.

34. Plaintiff seeks to represent the following proposed Class under Rule 23(b)(2) and (3):

**National Do Not Call Registry Class ("National DNC Class")**

All persons and entities in the United States (a) who maintain their phone number on the National Do Not Call Registry, (b) who received more than one call to that number within a 12 month period of time from either A1 Solar, the National Renewable Energy Center on A1 Solar's behalf, or the National Renewable Energy Center on any other entity's behalf, and (c) such phone calls occurred within the four years before the filing of Plaintiff Panacci's initial Complaint.

**Company Do Not Call Registry Class ("Company DNC Class")**

All persons and entities in the United States (a) whose phone numbers are registered with the A1 Solar or the National Renewable Energy Center's internal do not call Registry ("Company DNC Registry"), (b) who received phone calls from either A1 Solar or the National

13

>Renewable Energy Center on A1 Solar's behalf, or the National Renewable Energy Center on any other entity's behalf (c) after requesting to be placed on the Company DNC Registry, and (d) such phone calls occurred within the four years before the filing of Plaintiff Panacci's initial Complaint.

35. Subject to additional information obtained through further investigation and discovery, the foregoing definitions of the National DNC Class and Company DNC Class may be expanded or narrowed by amendment or amended complaint. Specifically excluded from the each Class are Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or their officers and/or directors, or any of them; the Judge assigned to this action; and any member of the Judge's immediate family.

36. Plaintiff's action meets the prerequisites of Rule 23(a) because:

    a. **Numerosity:** Each class as defined above consists of hundreds, if not thousands, of individuals and is so numerous that joinder of all members as individual plaintiffs is impracticable. Though the exact number and identity of class members is not presently known, they can be identified through Defendants' records.

    b. **Commonality:** There are questions of law and fact common to the each class. Such common questions include, but are not limited to:

i. Whether Defendant A1 Solar is vicariously liable for the conduct of Defendant NREC in making calls to encourage the sales of solar equipment and solar services;

ii. Whether Defendant NREC functions as an alter ego to A1 Solar;

iii. Whether Defendant NREC violated the TCPA by calling individuals on the National Do Not Call Registry;

iv. Whether Defendant NREC violated the TCPA by calling individuals on the Company Do Not Call Registry;

v. Whether Defendant NREC violated the TCPA by failing to maintain a Company Do Not Call Registry;

vi. Whether Defendant NREC placed calls without obtaining prior consent for the call;

vii. Whether Plaintiff and class members are entitled to statutory damages as a result of Defendants' actions.

37. **Typicality:** As someone whose number is, and at all times relevant to this complaint, on the National Do Not Call Registry, and requested his number by placed on the Company Do Not Call Registry, yet continued to receive unsolicited calls from Defendant NREC, Plaintiff's claims are typical of each class.

38. **Adequacy:** Plaintiff will fairly and adequately protect the interests of each class. Plaintiff has no interests that are antagonistic to or in conflict with the interests of the any of the classes as a whole, and Plaintiff engaged competent counsel experience in class actions and complex litigation.

39. This action is properly maintainable as a class action for the following independent reasons and under the following portions of Rule 23:

   a. The prosecution of separate actions by members of each class would create a risk of adjudications with respect to individual members of each class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests. Fed. R. Civ. P. 23(b)(1)(B).

   b. Defendants acted or refused to act on grounds generally applicable to each class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the each class as a whole. Fed. R. Civ. P. 23(b)(2).

   c. Questions of law and fact common to members of each class predominate over any questions affecting only individual members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

40. Whatever difficulties may exist in the management of the class action will be greatly outweighed by the benefits of the class action procedure, including but not limited to providing class members with a method for the redress of claims that may not otherwise warrant individual litigation.

## FIRST CAUSE OF ACTION

**Violations of Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5)**

41. Plaintiff incorporates herein each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

42. The foregoing acts and omissions of Defendant NREC constitute numerous and multiple violations of the TCPA, including but not limited to 47 U.S.C. 227(c)(5).

43. As a result of the Defendant NREC's negligent violations of the TCPA, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. 227(c)(5)(B).

44. As a result of the Defendant NREC's knowing and/or willful violations of the TCPA, Plaintiff and Class members are entitled to an award of treble damages of up to $1,500 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. 227(c)(5).

45. Defendant A1 Solar, has control over, or the right to control, the manner and means of the marketing campaign conducted by Defendant NREC on its behalf. Accordingly, under the federal common law principals of agency, Defendant A1 Solar may be held vicariously liable for the above described violations committed by Defendant NREC.

46. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants from violating 47 U.S.C. 227(c)(5), and an order requiring Defendants to develop systems enabling them to comply, going forward, with the Do Not Call Registry and Company Registry requirements as stated under the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows and as permitted as to each cause of action:

A. An Order certifying this action as a class action and appointing Plaintiff and his counsel to represent each class;

B. A declaration that Defendants' actions violated the TCPA;

C. An award of actual and statutory damages as allowed under the TCPA;

D. An injunction requiring Defendants to refrain from engaging in the unlawful conduct set forth herein;

E. Such further and other relief as the Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury for all causes of action, claims or issues in this action which are triable as a matter of right to a jury.

DATED:  June 29, 2015            **MARSHALL LAW FIRM**

By:    */s/ Charles D. Marshall*
Charles D. Marshall (State Bar No. 236444)
2121 N. California Blvd., Suite 290
Walnut Creek, CA  94596
Telephone: (925) 575-7105
Facsimile: (855) 575-7105
cdm@marshall-law-firm.com

Attorney for TOM PANACCI,
on behalf of himself and all others similarly situated